IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARTURO ALVAREZ | § | |
|     Plaintiff(s) | § | |
| | § | |
| v. | § | Cause No.   3:10-296 |
| | § | |
| ARS NATIONAL SERVICES, INC. | § | |
| d/b/a ASSOCIATED RECOVERY | § | |
| SYSTEMS | § | |
| | § | |
| and JOHN and/or JANE DOES 1-10 | § | |
|     Defendant(s) | § | COMPLAINT |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Texas Debt Collections Practices Act Texas Finance Code Chapter 392.001 et. seq. ("TDCPA"); and the Texas Deceptive Trade Practices Act ("DTPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff ARTURO ALVAREZ (hereinafter "ALVAREZ") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Texas Finance Code 392.001(6).

5. Defendant ARS NATIONAL SERVICES, INC. d/b/a ASSOCIATED RECOVERY SYSTEMS (hereinafter "Defendant ARS") is a collection agency operating from an address of P.O Box 469046, Escondido, CA 92406-9046, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). Defendant ARS can be served with process by mailing a copy of same to its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.

6. Defendant ARS regularly uses the mails and telephones to collect consumer debts originally owed to others.

7. Defendants John and/or Jane Does No. 1-10 are employees of ARS and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names.  Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained.  Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

9. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants.  All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

10. Prior to April, 2008, Plaintiff ALVAREZ entered into an agreement to finance the purchase of a computer with Dell Financial Services LLC/WebBank (hereinafter "DELL").

11. The debt in question was incurred for personal, family, or household purposes, and as such is a consumer debt as defined in 15 U.S.C.1692a(5) and Texas Finance Code Section 392.101(2).

12. As there were monies still due and owing on the contract to DELL, on or about April 22, 2008 Oxford Management Services of Melville, New York (hereinafter "OXFORD") sent letters and otherwise contacted ALVAREZ, and on behalf of its principal DELL, agreed to accept in full and final payment of the monies owed by ALVAREZ to DELL, the sum of $991.42.

13. It was agreed to by ALVAREZ and OXFORD that ALVAREZ' checking account at West Texas Credit Union would be debited the sum of $495.71 in successive months which amount totals $991.42, the agreed upon sum to settle the indebtedness.

14. In addition OXFORD informed ALVAREZ that there would be a "nominal payment service fee of $12.95 to make an electronic check payment using the ITS-PayMyBill payment service," which fee would be assessed on each of ALVAREZ' remittances.

15. On April 30, 2008 and again on May 28, 2008, Plaintiff ALVAREZ tendered to OXFORD, on behalf of DELL, the sum of $495.71, or a total $991.42 which, as mentioned in paragraph 13 above, was the amount agreed to be in full and final settlement of the account.

16. Plaintiff ALVAREZ' payment and settlement of the account notwithstanding, Defendant ARS, sent to Plaintiff ALVAREZ, letters dated April 28, 2010, June 23, 2010 and July 22, 2010.

17. Each letter addressed to Plaintiff ALVAREZ attempts to collect monies on a consumer debt not owed by Plaintiff ALVAREZ and each letter mischaracterizes the status of said debt as the debt is not owed at all and was wholly retired on May 28, 2008 when Plaintiff ALVAREZ tendered, for the second time, the sum of $495.71in full and final settlement of the debt.

18. During the month of July, 2010, Alvarez had occasion to speak with a representative of Defendant ARS and ALVAREZ informed the representative that he had paid the debt in question two years prior.

19. In response to ALVAREZ' assertion that the debt had been paid, the ARS representative falsely and deceptively informed him that the law required ALVAREZ prove that fact by contacting OXFORD to obtain a letter to that effect and then provide Defendant ARS with a copy of such letter.

20. The conduct of Defendants, and each of them in harassing Plaintiff in an effort to collect an alleged consumer debt by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt and by falsely representing the character, amount, or legal status of Plaintiff's alleged debt is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692d; 1692e; 1692e (2)(A) an (10) and 1692f.  Further, the acts of Defendants are violative of Texas Finance Code §392.304 (8) and (19).

### *Summary*

21. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II

### TEXAS FINANCE CODE

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code, including, but not limited to, each and every one of the above-cited provisions of the Texas Finance Code § 392 et seq.

27. Plaintiff is entitled to recover both statutory and actual damages along with reasonable attorney's fees, and costs.

### COUNT III

### DECEPTIVE TRADE PRACTICES ACT

28. Plaintiff would show the acts of Defendants herein are unconscionable actions or courses of action and therefore violative of section 17.50E of the Texas Deceptive Trade Practices Act.

## TRIAL BY JURY

29. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Texas Finance Code § 392.403(2) against each and every Defendant.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Texas Finance Code § 392.403(b) against each and every Defendant.

- For an award of treble damages pursuant to Finance Code § 392.404 which states a violation of the Texas Finance Code is a *per se* violation of section E of the Texas Deceptive Practices Act; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Scott A. Vogelmeier
SCOTT A. VOGELMEIER
Attorney for Plaintiff
State Bar No.: 24015139
1112 Myrtle Avenue
El Paso, Texas 79901
(915) 544-3100
(915) 577-0160 Facsimile

5